UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04-11999 REK

ARTHUR A. MANDROS,

    Plaintiff

vs.

BARLETTA ENGINEERING CORP. and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 4,

    Defendants

MAGISTRATE JUDGE _____

C.A.

RECEIPT # 58702
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/15/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant International Union of Operating Engineers, Local 4 ("Local 4") files this Notice of Removal. As grounds for removal, Local 4 states that:

1. Local 4 is a defendant in a civil action entitled <u>Arthur A. Mandros v. Barletta Engineering Corp. and International Union of Operating Engineers, Local 4</u>, C.A. NOCV2004-01337-A, filed in Norfolk Superior Court.

2. On September 10, 2004, Local 4 accepted service of the Summons and Complaint which had previously been served on an incorrect party on August 19, 2004. This petition for removal is being filed within 30 days of Local 4's receipt of the complaint and summons, as required by 29 U.S.C. § 1446.

3. Plaintiff's complaint against his employer, Barletta Engineering Corp., and against Local 4 purports to assert claims for violation of state wage laws under Massachusetts General Law ch. 149, § 150.

4. Plaintiff claims that Local 4 "has failed to comply with its duty of fair representation of plaintiff by not proceeding with representing plaintiff in his attempt to be paid minimum wages." Complaint, ¶ 20.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 151 et seq. because a union's duty of fair representation arises out of federal law. <u>BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers,</u> 132 F.3d 824, 831-32 (1st Cir. 1997) ("a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation").

6. The Complaint and Summons as served are attached hereto as Exhibit A, and a copy of Local 4's acceptance of service is attached hereto as Exhibit B. No other process, pleadings or orders in the above-captioned case have been served on Local 4 to date.

7. A true copy of this notice will be filed with the Clerk of the Norfolk Superior Court, as required by 29 U.S.C. § 1446. Pursuant to Local Rule 81.1, Local 4 will file in this Court certified or attested copies of all records and proceedings filed in the superior court action and a certified or attested copy of the docket entries in the superior court action.

8. Defendant Barletta assents to the removal.

Wherefore, Local 4 respectfully requests that this action be removed to the United States District Court for the District of Massachusetts.

_____
Mary T. Sullivan BBO # 487130
Indira Talwani BBO # 645577
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: September 15, 2004

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal has been served upon Plaintiff Arthur A. Mandros, by service upon his attorney of record, Brian T. Hatch, 8 North Main Street, Suite 403, Attleboro, MA 02703, and upon Defendant Barletta Engineering Corp., by service upon Joseph McConnell, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108, by mail, postage prepaid, this 15th day of September, 2004.

_____
Mary T. Sullivan

L:\MSullivan\3110\04-365Mandros\FEDERAL COURT\NOTICEOFREMOVAL.doc