UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 29  A 10: 51
U.S. DISTRICT COURT
DISTRICT OF MASS.

ARTHUR A. MANDROS,

    Plaintiff

    vs.

BARLETTA ENGINEERING CORP. and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 4,

    Defendants

C.A. 04-11999 REK

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 4, TO DISMISS THE COMPLAINT**

**I.    INTRODUCTION**

In this action, Plaintiff Arthur A. Mandros alleges that his employer, Defendant Barletta Engineering Corporation ("Barletta"), failed to pay certain wages due to him under state law. Plaintiff claims further that Defendant International Union of Operating Engineers, Local 4, ("Local 4") is also liable for the claimed failure to pay wages on the theory that Local 4 "has failed [to] comply with its duty of fair representation of plaintiff by not proceeding with representing plaintiff in his attempt to be paid minimum wage rates." Complaint, ¶ 20. Local 4 now brings this motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Dismissal is required for three independent reasons. First, a state law claim against a union based on an alleged breach of the duty of fair representation is completely preempted by federal law. Second, the state law claim must be dismissed because Plaintiff's complaint fails to allege that he has filed a complaint with the Massachusetts Attorney General prior to bringing

suit as required by the state wage law. Finally, dismissal is required because the state law on which Plaintiff purports to bring his action does not provide for a cause of action against a union for an employer's failure to pay wages.

## II.   STATEMENT OF ALLEGED FACTS[1]

Plaintiff began working as a Rod Person for Defendant Barletta in June, 1999. Complaint, ¶ 4. During the time that he worked for Barletta, the pay he received from Barletta was less than the rate specified in a contract between Barletta and Local 9. Complaint, ¶¶ 6-10. During this same time, the pay he received from Barletta was also less than the Minimum Wage Rate set for the Rod Person position by the Massachusetts Office of the Attorney General. Complaint, ¶¶ 7-17.

## III.   ARGUMENT

### A.   Plaintiff's State Law Claim is Preempted By Federal Labor Law

"A complaint that states a [Duty of Fair Representation ("DFR")] claim 'allege[s] a breach by the Union of a duty grounded in federal statutes and . . . federal law therefore governs [the] cause of action.'" BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 830 (1st Cir. 1997) (quoting Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967)). Moreover, "'[a] union's rights and duties as the exclusive bargaining agent in carrying out its representational functions' collectively comprise a field in which 'the policy of the law is so dominated by the sweep of federal statutes that legal relations which [those rights and duties] affect must be deemed governed by federal law having its source in those statute, rather than by local law.'" BIW Deceived, 132 F.3d at 830 (quoting Condon v. Local 2944, 683 F.2d 590-594-95 (1st Cir. 1982)).

---

[1] For purposes of this motion only, the alleged facts are accepted as true.

"Consequently, state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." BIW Deceived, 132 F.3d at 830.

Here, Plaintiff's claim specifically invokes rights derived from a union's duty of fair representation. Plaintiff contends that "Local 4 has failed [to] comply with its duty of fair representation of plaintiff by not proceeding with representing plaintiff in his attempt to be paid minimum wage rates." Accordingly, Plaintiff's state law claim against Local 4 is preempted by federal law, and the complaint can and should be dismissed on this basis alone.

B.  Plaintiff Has Failed to Allege Exhaustion of His Administrative Remedies.

"When a plaintiff fails to comply with statutorily created prerequisites, a court lacks jurisdiction to hear the case." Dunfey v. Primetech Prof. Svcs., 14 Mass.L.Rptr. 267, 2002 WL 388196, *1 (Mass. Super.) (citing Nissan Motor Corp. in USA v. Commissioner of Revenue, 407 Mass. 153, 157 (1990)). Moreover, if the plaintiff's complaint, if taken as true, fails to establish the Court's jurisdiction to hear the claim, a motion to dismiss for lack of subject matter jurisdiction should be granted. Dunfey, 2002 WL 388196, *1 (citing Ginther v. Commissioner of Ins., 427 Mass. 319, 322, n.6 (1998)).

Mass. G.L. ch. 149, § 150, the statute that Plaintiff alleges was violated, creates a prerequisite to bringing suit by permitting an aggrieved employee to bring a civil suit for the nonpayment of wages "at the expiration of ninety days after the filing of a complaint with the [Massachusetts] attorney general, or sooner, if the attorney general assents in writing . . . ."[2] The purpose of this prerequisite "is to give notice to the Attorney General . . . so that it may keep records of allegations against employers and determine whether or not to commence civil or criminal actions." 2002 WL 388196, *1; see also Nahigian v. Leonard, 233 F.Supp.2d 151, 164

---

[2] Similarly, Mass. G.L. ch. 149, § 27, places an identical prerequisite to a civil action for a violation of the prevailing wage statutes, by permitting such actions "at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing . . . ."

3

(D.Mass. 2002). In Dunfey, the court permitted the civil action to proceed where the plaintiff had alleged that it filed a complaint with the Attorney General against at least some, though not all, of the defendants. 2002 WL 388196, *1. The court also noted in dicta that the plaintiff had sufficiently placed all of the defendants on notice of a potential wage payment suit. Id. *3. Similarly, in Nahigian, the court found that the administrative remedies had been satisfied, even though all related parties had not been named, because a complaint had been filed with the Attorney General that described the substance of the alleged crime, namely, the failure to pay wages. 233 F.Supp.2d at 164. As in Dunfey, the Nahigian court also noted that all of the defendants in the civil action had constructive notice of the complaint filed with the Attorney General. Id. Here, in contrast, Plaintiff has failed to allege that any complaint against either Defendant was filed with the Attorney General, and accordingly, this prerequisite to suit has not been met. Accordingly, the Court lacks subject matter jurisdiction over this action.

C.   Plaintiff's State Law Claim Cannot Be Brought Against a Labor Union.

Plaintiff's claim against Local 4 must also be dismissed because the state law providing remedies for an employer's failure to pay wages does not provide for remedies against the aggrieved employee's union.

Plaintiff's state law claim is made pursuant to Mass. G. L. ch. 149, § 150, which permits employees to bring actions for violations of certain other statutes including Mass. G.L. ch. 149, § 148. That section places certain obligations with regard to the payment of wages on "[e]very person having employees in his service . . . ." The section makes no mention of any obligations of, or actions against, any party other than the employer.

The remaining sections cited in Mass. G.L. ch. 149, § 150 do not relate to unpaid wages and/or make no mention of any obligations of parties other than the employer. See Mass. G.L. ch. 149, § 149A (prohibiting certain actions "by an employer"); id. § 148B (defining certain

4

persons as "employees," and certain corporate officers as "employers"); id. § 150C (prohibiting certain expenditures by "[a]ny person having employees in his service . . . ."; id. § 152 (prohibiting certain deductions from the payment of wages); id. § 152A (relating to payment of tips to employees engaged in the service of food or beverages); Mass. G.L. ch. 151, § 19 (prohibiting certain acts by "[a]ny employer and his agent, or the officer or agent of any corporation").

Nor do the prevailing wage sections cited in Plaintiff's complaint provide any grounds for bringing a claim for the failure to pay prevailing wages against a labor union. Chapter 149, § 26, for example, provides for certain wage rates to be paid by "[e]ach county, town or district in the construction of public works, or persons contracting or sub-contracting for such work." Chapter 149, § 27 refers to obligations of "employers," and defines employer to include certain corporate officers. Chapter 149, § 27C sets for penalties for violations of certain code sections by "employers, contractors, subcontractors or their employees," and specifies that "[c]ivil and criminal penalties pursuant to this section shall apply to employers solely with respect to the wage and benefit obligations to their own employees."

In sum, the state laws that Plaintiff contends were violated impose obligations on employers, and not on unions acting in their representational capacity. Accordingly, for this reason also, Plaintiff fails to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should dismiss Plaintiff's complaint against Local 4.

Respectfully submitted,

_____
Mary T. Sullivan BBO # 487130
Indira Talwani BBO # 645577
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: September 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, TO DISMISS THE COMPLAINT has been served upon Plaintiff Arthur A. Mandros, by service upon his attorney of record, Brian T. Hatch, 8 North Main Street, Suite 403, Attleboro, MA 02703, and upon Defendant Barletta Engineering Corp., by service upon Joseph McConnell, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108, by mail, postage prepaid, this 2_th day of September, 2004.

_____
Mary T. Sullivan

L:\MSullivan\3110\04-365Mandros\FEDERAL COURT\MOTIONTODISMISS\memo.doc